UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN S. PEACE, et al., | ) | CASE NO. 4:05CV97 |
| | ) | |
| Plaintiffs, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| RANDALL WELLINGTON | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is a motion for reconsideration filed by Plaintiffs John S. Peace and William Walker ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 60(b)(6). ECF Dkt. #25. Plaintiffs request that the Court reconsider its Order issued on October 5, 2005, granting summary judgment on behalf of Defendant Randall Wellington ("Defendant") and dismissing Plaintiffs' complaint with prejudice. *See* ECF Dkt. #24. Defendant has not filed a response. For the following reasons, the Court DENIES Plaintiffs' motion for reconsideration.

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for [any] reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). A court may grant reconsideration for any of the following four reasons: "(1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *GenCorp., Inc. v. American Internat'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999); *Plaskon Elec. Materials v. Allied Signal*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). It is not the function of a motion to reconsider to either *renew arguments already considered and rejected by a court*, or "to proffer a new legal theory or new evidence to support a prior argument

when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *McConocha*, 930 F. Supp. at 1408 (internal citations omitted and emphasis added). Because motions for reconsideration are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *McConocha v. Blue Cross & Blue Shield Mutual*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citations omitted).

Here, Plaintiffs have not established any of the above-mentioned conditions that would justify this Court to reconsider its previous Order due to a change in the law, evidence not previously available, a clear legal error or to prevent a manifest injustice. *See GenCorp*, 178 F.3d at 834. Instead, Plaintiffs request that the Court reconsider its ruling "so as not to prejudice Plaintiffs due to Plaintiff's counsel's error[.]" ECF Dkt. #25. The undersigned points out that the Order considered the motion for summary judgment on the merits, and not by default. *See* FED. R. CIV. P. 56(c) and (e). In addition, the docket in this case reveals the following. On April 1, 2005, the Court's Case Management Order indicates that the dispositive motion deadline is May 16, 2005. ECF Dkt. #13. On May 17, 2005, the Court amended its Case Management Order and set the dispositive motion deadline for July 29, 2005. ECF Dkt. #15. On July 26, 2005, Defendant requested an extension until August 15, 2005 to file a dispositive motion, which was granted by the Court. ECF Dkt. #s 16, 18. Defendant did file a dispositive motion by way of a motion for summary judgment on August 15, 2005. ECF Dkt. #20. Due to the rescheduling and extension request, Plaintiffs also had additional time for filing a dispositive motion. Plaintiffs had 30 days or until September 15, 2005, to file a response to Defendant's motion for summary judgment, and yet failed to respond. *See* Local R. 7.1.

Further, on September 26, 2005, while the motion for summary judgment was pending, Plaintiffs filed a motion to attend the pretrial conference scheduled for September 27, 2005 by

telephone. ECF Dkt. #21. This request was subsequently denied as moot because the conference was cancelled by the Court. ECF Dkt. #22. The Court did not render a decision on the motion for summary judgment until October 5, 2005. ECF Dkt. # s 23-24. Thus, Plaintiffs had ample reasons and opportunity to check the docket of this case between August 15, 2005 and October 5, 2005, and to file a response to the motion for summary judgment, request an extension of time to file, or file the response instanter. However, Plaintiffs apparently ignored the docket until the Court rendered its decision. This does not provide an adequate reason for the Court to reconsider its decision on the merits, nor is this a situation in which a manifest injustice would be prevented.

Based on the foregoing, the Court DENIES Plaintiff's motion for reconsideration. *See* ECF Dkt. #25.

IT IS SO ORDERED.


Dated: 10/21/05 /s George J. Limbert
GEORGE J. LIMBERT
U.S. MAGISTRATE JUDGE